# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made between JAMES CHADAM and JENNIFER CHADAM, in their capacities as Guardians *Ad Litem* of C.C., their minor son, ("Plaintiffs") and Defendant PALO ALTO UNIFIED SCHOOL DISTRICT ("DISTRICT") with respect to the following facts:

## RECITALS

A. A dispute has arisen between Plaintiffs and Defendant;

B. On September 6, 2013, Plaintiff C.C., by and through his Guardians *ad Litem*, JAMES CHADAM and JENNIFER CHADAM, filed the instant suit in the Northern District of California, Case No. C 13-4129-CW ("the Action"), alleging claims against the DISTRICT under the Americans with Disabilities Act and the Rehabilitation Act of 1972;

C. The DISTRICT denies and disputes all of Plaintiffs' claims and allegations; and

D. In order to avoid the substantial expense and inconvenience of further litigation, the parties now desire to finally settle all claims asserted in, as well as all issues that were raised or could have been raised in, the Action, on the terms set forth in this Agreement.

**THEREFORE, IN CONSIDERATION OF THE PROMISES CONTAINED HEREIN, IT IS HEREBY AGREED AS FOLLOWS:**

1. <u>Payment to Plaintiffs.</u> In exchange for the promises and warranties of Plaintiffs as set forth below, Plaintiff C.C., by and through his parents, JAMES CHADAM and JENNIFER CHADAM shall be paid the total sum of One Hundred Fifty Thousand and no/100 dollars ($150,000.00) by the DISTRICT and the DISTRICT's Joint Powers Authority ("Settlement Funding"). The Settlement Funding from the DISTRICT shall be paid by check to The Jaffe Law Firm Client Trust Account.

2. <u>General Release of All Claims.</u> Plaintiffs, unconditionally, irrevocably and absolutely release and discharge the DISTRICT, as well as any other present or former employees, officers, agents, attorneys, affiliates, successors, assigns and all other representatives of the DISTRICT (collectively, "Released Parties"), from any and all causes of action, judgments, liens, indebtedness, damages, losses, claims (including attorneys' fees and costs), liabilities and demands of whatsoever kind and character that Plaintiffs may now or hereafter have against the Released Parties arising from incidents or events set forth in the Action or related thereto (hereafter collectively, "Released Claims"). To the extent permitted by law, this release is intended to be interpreted broadly to apply to all transactions and occurrences between Plaintiffs and any Released Party, including but not limited to any and all claims related to Plaintiff C.C.'s injury claims, and all other losses, liabilities, claims, charges, demands and causes of action, known or unknown, suspected or unsuspected, arising directly or indirectly out

of or in any way connected with the Action and/or the transactions or occurrences referenced therein. Released Claims include, without limitation, any claim based in tort, contract, common law, the state or federal Constitution, state or federal statutes (including, without limitation, the California Fair Employment and Housing Act, the California Civil Code, the California Education Code, the California Government Code, the California Penal Code, Americans with Disabilities Act, the Rehabilitation Act of 1972, and Title VII of the Civil Rights Act of 1964), all claims for physical injuries, illness, damage or death, and all claims, including such claims as may arise under contract, state or federal law for attorneys' fees, costs and expenses.

3. Satisfaction of Condition Precedent – Approval by the DISTRICT's Board of Trustees. Plaintiffs understood and agreed that this settlement was contingent upon approval by the DISTRICT's Board of Trustees pursuant to their discretionary authority, which approval was granted on August 21, 2018.

4. Condition Precedent – Approval by the Board of the DISTRICT'S Joint Powers Authority. Plaintiffs understand and agree that this settlement is contingent upon approval by the Board of the DISTRICT's Joint Powers Authority, pursuant to its discretionary authority. The DISTRICT's Joint Powers Authority is scheduled to approve the Settlement on September 5, 2018.

5. Satisfaction of Condition Precedent – Approval of Minor's Compromise. On August 16, 2018, the Court made its Order Approving Minor's Compromise of this settlement, which is Docket #89 in the Court's record.

6. Unknown or Different Facts or Law. Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to a Released Claim. Plaintiffs agree, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

7. California Civil Code Section 1542 Waiver. Plaintiffs expressly acknowledge and agree that the releases contained in this Agreement include a waiver of all rights under Section 1542 of the California Civil Code. This statute reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiffs acknowledge that they have read all of this Agreement, including the above Civil Code section, and that they fully understand both the Agreement and the Civil Code section. Plaintiffs waives any benefits and rights granted to him pursuant to Civil Code Section 1542.

8. Dismissal of the Action. Plaintiffs agree to take all actions necessary to dismiss the Action, with prejudice, as alleged against the DISTRICT, as soon as possible after payment

of the settlement funds have been completed including, but not limited to, executing and filing a Request for Dismissal of the Action with Prejudice, each party to bear his/her/its own costs and attorney fees, with the Northern District Court.

      9.   <u>No Prior Assignments or Liens</u>. Plaintiffs represent and warrant that they have not assigned to any other person or entity any Released Claim. Plaintiffs further represent and warrant there are no liens or claims against any of the amounts being paid by the DISTRICT as provided in this Agreement.

      10.   <u>Confidentiality</u>. The Parties agree not to discuss the settlement of this matter, the terms of this Agreement, or the substance of the allegations made in the Action other than each may state "The matter has been resolved to the satisfaction of the parties" or words to that effect. Notwithstanding the foregoing, statements made in the course of an investigation by a state or federal administrative agency, sworn testimony in legal proceedings, otherwise privileged, or other statements required by law shall not be subject to this provision. Nothing in this Section 10 prohibits any person from disclosing or discussing any information which, as of the date of this agreement, was a matter of public record.

      11.   <u>No Admissions</u>. By entering into this Agreement, the Released Parties do not admit that they have engaged in, or are now engaging in, any unlawful conduct, and are not in violation of any statute, as it relates to Plaintiff C.C. It is understood and agreed that this Agreement is not an admission of liability, and that the Released Parties specifically deny any and all liability or fault with respect to the Action and the factual allegations contained therein, and intend merely to avoid further litigation and expense by this settlement.

      12.   <u>Covenant Not to Sue.</u> Plaintiffs agree, to the fullest extent permitted by law, that they will not initiate or file a lawsuit or administrative proceeding to assert any Released Claim against any of the Released Parties. If any such action is brought, this Agreement will constitute an Affirmative Defense thereto.

      13.   <u>Attorneys' Fees and Costs</u>. Plaintiffs and the DISTRICT agree to bear their own attorneys' fees, costs and expenses incurred in connection with the Action, or any Released Claim.

      14.   <u>Tax Consequences</u>. The DISTRICT has made no representation about and takes no position on the tax consequences of this Agreement, and Plaintiffs agree, represent and warrant that they shall be solely responsible for the payment of any and all taxes, liens, claims or assignments in law, equity or otherwise, that now or may exist with respect to the consideration paid pursuant to this Agreement. A dispute regarding the tax status of this Agreement shall not affect the validity of this Agreement.

      15.   <u>Severability</u>. Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deemed to be deleted. However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable terms.

16. <u>Modifications</u>. This Agreement may be amended only by a written instrument executed by all parties hereto.

17. <u>Cooperation</u>. The parties agree to do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

18. <u>Interpretation; Construction</u>. The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement. This Agreement has been drafted by legal counsel representing the DISTRICT, but Plaintiffs have fully participated in the negotiation of its terms. Plaintiffs acknowledge they have had an opportunity to review each term of this Agreement and, therefore, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement. This Agreement is entered into and its interpretation, construction and performance are governed by the laws of the State of California, without regard to principles of conflict of law. The parties agree that the forum for any action arising out of or relating to this Agreement shall be the Northern District of California and hereby consent to the jurisdiction of that court.

19. <u>Entire Agreement</u>. The parties to this Agreement declare and represent that no promise, inducement or agreement not herein discussed has been made between the parties, and that this Agreement contains the entire expression of agreement between the parties on the subjects addressed herein.

20. <u>Advice of Counsel</u>. Plaintiffs declare and represent that they recognize that they may seek the advice of legal counsel with respect to the terms and conditions of this Agreement and that they have done so, and that they intend that this Agreement shall be complete and shall not be subject to any claim of mistake, and that the releases herein express a full and complete release and, regardless of the adequacy or inadequacy of the consideration, each party intends the releases herein to be final and complete. Each party executes this release with the full knowledge that this release covers all possible claims, to the fullest extent permitted by law.

21. <u>Counterparts</u>. This Agreement may be executed via facsimile and in one or more counterparts, each of which shall be deemed an original.

///

///

///

///

///

///

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

**WHEREFORE, JAMES CHADAM AND JENNIFER CHADAM, IN THEIR CAPACITY AS GUARDIANS AD LITEM OF C.C., THEIR MINOR SON, HAVE VOLUNTARILY EXECUTED THIS AGREEMENT ON THE DATE SHOWN BELOW.**

Dated: August 29, 2018     By: _____

James Chadam
Guardian *Ad Litem* of C.C., a Minor

Dated: August 29, 2018     By: _____

Jennifer Ireland Chadam
Guardian *Ad Litem* of C.C., a Minor

PALO ALTO UNIFIED SCHOOL DISTRICT

Dated: ____ _____, 2018     By: _____

Cathy Mak
Chief Business Officer

Chadam v PAUSD Settlement Agreement     5

APPROVED AS TO FORM

Dated: __8/30/18__, 2018          THE JAFFE LAW FIRM

By: _____
Stephen R. Jaffe
Attorney for Plaintiffs


DAVIS & YOUNG, APLC


Dated: _____, 2018    By: _____
Mark E. Davis
Attorney for Defendant, PALO ALTO
UNIFIED SCHOOL DISTRICT